

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2008

# USA v. Giardina

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1363

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Giardina" (2008). *2008 Decisions.* Paper 996.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/996

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1363

UNITED STATES OF AMERICA

v.

RUSSELL T. GIARDINA,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00029-1)
District Judge: Honorable Kim R. Gibson

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2008

Before: AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed    June 20, 2008 )

OPINION

AMBRO, Circuit Judge

Russell Giardina appeals his 151-month sentence for distributing fewer than 100

grams of heroin, arguing that the sentence is unreasonable.  We disagree, and accordingly

affirm.

Giardina has a history of drug offenses. In 2000 he pled guilty to delivering cocaine, receiving a sentence of approximately 12–24 months. In 2002 he pled guilty to possessing heroin with intent to deliver it, and received a similar sentence.

After his release, in March 2003 (at the age of 23), Giardina committed the offense now before us: he sold .24 grams of heroin in the presence of an undercover police officer. He was indicted and pled guilty. At the sentencing hearing, the District Court determined that because Giardina was a career offender, the advisory Sentencing Guidelines range was 151–188 months. Giardina argued for a sentence below the Guidelines range because of his young age, the absence of parental role models in his life, his status as an addict, and his devotion to his friends, family and community. The Court noted Giardina's significant history of involvement with drugs, however, and, relying in part on this history, sentenced him to 151 months' imprisonment, at the bottom of the Guidelines range, as well as 3 years' supervised release.

On appeal, Giardina accepts that the District Court accurately calculated the Guidelines range and considered the pertinent 18 U.S.C. § 3553(a) factors, but argues that the 151-month sentence is substantively unreasonable.[1] We disagree. Giardina's age, lack of a role model, status as an addict, and devotion to family and friends, though

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review a District Court's sentence for reasonableness. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007).

relevant, must be considered along with the need to afford adequate deterrence of criminal conduct and protect the public from further drug dealing by Giardina. *See* § 3553(a)(2)(B), (C). He has twice received short sentences for drug crimes, and these did not prevent him from continuing to offend. The District Court concluded that a longer sentence was therefore necessary, and the mitigating circumstances are insufficient to render that conclusion unreasonable. *See Bungar*, 478 F.3d at 546 (refusing to "find that a district court's failure to give mitigating factors the weight a defendant contends they deserve renders the sentence unreasonable").

For the foregoing reasons, we affirm.